**Kathleen A. McCallister**
**Chapter 13 Trustee**
**P.O. Box 1150**
**Meridian ID 83680**
**(208) 922-5100 - Telephone**
**(208) 922-5599 - Facsimile**
**kam@kam13trustee.com**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| **IN RE:** | **CHAPTER 13** |
| **COLETTE CLAIRE SAVAGE** | **CASE NO.  19-01462-JMM** |

### TRUSTEE'S MOTION TO DISMISS

NOW COMES Kathleen A. McCallister, the standing Chapter 13 Trustee for the United States Bankruptcy Court for the District of Idaho, and as for her Motion to Dismiss states as follows:

1. The Debtor filed for Chapter 13 relief on December 16, 2019.

2. As of today's date no plan has been confirmed.

3. Debtor filed what she has titled a Chapter 13 plan on March 5, 2020 referring to this case as an Involuntary Bankruptcy. This is docket no. 112.  Chapter 13 is completely voluntary and there is no such thing as an involuntary Chapter 13 case.

4. The document filed by the debtor contains the first page of the Idaho Form Plan but debtor has handwritten the word Objection on it. It is unclear if debtor is objecting to her own plan or to the format of the Idaho plan.

5.  Paragraph 2.1 of the plan calls for debtor to make 36 payments of $135 per month. As of today's date Trustee has not received any payments and the debtor is in default 3 monthly payments totaling $405.  Said default is material and the case should be dismissed.

6.  The following paragraphs of debtor's plan are incomplete: 2.4, 3.3, 3.4, 3.5, 3.7, 4.4, 4.5, 5.2, 5.3, 6.1, 7.1 and 8.1.  Confirmation should be denied and the case dismissed.

7. Paragraph 1.2 indicates liens are being avoided but paragraph 3.4 is blank and paragraph 1.3 indicates there are nonstandard provisions but paragraph 8.1 is blank. Confirmation should be denied and the case dismissed.

8. Debtor has attached a duplicate page 9 which duplicates page 7 but is different. Trustee cannot determine Debtor's intent and Trustee cannot administer this plan. Confirmation should be denied and the case dismissed.

9.  Paragraph 3.2 requires Trustee to pay Citizens bank the sum of $40,000 at 6% interest in monthly installments of $365 per month but the plan proposes only 36 payments of $135 or a total of $4,860.  The plan is underfunded in excess of $43,000.

10.  Debtors plan fails t provide for the secured claims for past due real estate taxes and the secured claim of Mark Savage.

11.  Debtor has not resolved the creditors objections.

12.  Debtor's delay in resolving the outstanding issues and proposing a confirmable plan is unreasonable.

WHEREFORE, the Trustee respectfully requests that this case be dismissed for material default and unreasonable delay.

Dated:  March 28, 2020

/s/  Kathleen McCallister
**Kathleen McCallister, Trustee**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 28, 2020, I filed the foregoing document electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Office of the U.S. Trustee
ustp.region18.bs.ecf@usdoj.gov

Colette Savage
PRO SE

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid addressed as follows:


Colette Claire Savage
7154 State St #302
Boise, ID 83714


                                         /s/  Kathleen McCallister
                                         **Kathleen McCallister**